NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SOFTBELLYS, INC.,**
*Appellant*

**v.**

**TY INC.,**
*Appellee*

---

2022-1146

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2020-00689.

---

Decided: February 13, 2023

---

MATTHEW TOPIC, Loevy & Loevy, Chicago, IL, argued for appellant. Also represented by JAMES LEE LOVSIN, McDonnell Boehnen Hulbert & Berghoff LLP, Chicago, IL.

PHILIP D. SEGREST, JR., Husch Blackwell LLP, Chicago, IL, argued for appellee. Also represented by JOHN ARON CARNAHAN, NATHAN P. SPORTEL.

---

Before LOURIE, PROST, and CHEN, *Circuit Judges.*

PROST, *Circuit Judge.*

Softbelly's, Inc. ("Softbelly's") appeals from a final written decision of the Patent Trial and Appeal Board ("Board") in an inter partes review ("IPR") determining all challenged claims of Softbelly's U.S. Patent No. 6,195,831 ("the '831 patent") unpatentable. We affirm.

## BACKGROUND

Ty Inc. ("Ty") petitioned for IPR of claims 15 and 16 of the '831 patent, which is now expired. Claim 15 depends from canceled claim 6 and is exemplary.[1] Those two claims together recite:

6. A three-dimensional doll-like figure for cleaning or wiping the surface of a display screen comprising:

a plurality of strips of fabric material sewed together so as to form a doll-like figure body having outer surface portions and at least one inner chamber, and *wherein at least one of said plurality of strips of fabric material forms, in part, said inner chamber, and is composed of an optical grade fabric* having substantially non-abrasive characteristics with regard to display screen surfaces; and

a selected quantity of stuffing material within said at least one inner chamber so as to provide said doll-like figure with a three dimensional shape which is

---

[1]    Claim 16, by virtue of its dependency from canceled claim 11, contains language similar to claim 15, and neither party has suggested to us any distinction between claims 15 and 16 that is relevant to our analysis.

> squeezable for providing a pliant cleaning tool for wiping a display screen.

> 15. The doll-like figure of claim 6 wherein another of said strips of fabric material is a nonoptical grade fabric material.

'831 patent claims 6 & 15 (emphasis added). We refer to the language emphasized above (as incorporated into claim 15) as the "inner-chamber element."

During the IPR, a claim-construction dispute emerged over the inner-chamber element. Softbelly's argued that the inner-chamber element required an inner chamber formed in part by optical-grade fabric and in part by non-optical-grade fabric. *See* J.A. 256. Ty, however, argued that nothing in claim 15 required nonoptical-grade fabric to form any part of the inner chamber. *See* J.A. 366–67. According to Ty, the claim simply required that a strip of optical-grade fabric form, in part, the inner chamber; nothing prevented the *rest* of the inner chamber from being formed by another strip of optical-grade fabric. *See* J.A. 366–67.

In its final written decision, the Board acknowledged this claim-construction dispute but declined to resolve it. J.A. 14–16. Instead, it found that prior-art reference Ogawa[2] disclosed the inner-chamber element even under Softbelly's construction. In doing so, the Board found that Ogawa was "silent" on whether it disclosed an inner chamber formed in part by a strip of optical-grade fabric and in part by a strip of nonoptical-grade fabric. J.A. 16. But, after citing our precedent in *Kennametal, Inc. v. Ingersoll Cutting Tool Co.*, 780 F.3d 1376, 1381 (Fed. Cir. 2015)—for the proposition that a reference "can anticipate a claim even if it does not expressly spell out all the limitations

---

[2] Japanese Utility Model Application Publication No. H5-51237 ("Ogawa").

arranged or combined as in the claim, if a person of skill in the art, reading the reference, would at once envisage the claimed arrangement or combination," J.A. 16 (cleaned up)—the Board found that Ogawa nonetheless disclosed the inner-chamber element, J.A. 16–19.

Softbelly's timely appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

Softbelly's argues that the Board misapplied *Kennametal* to find that Ogawa disclosed the inner-chamber element.  Softbelly's acknowledges, however, that for it to succeed in disturbing the Board's unpatentability determination, we must also agree with Softbelly's construction. Oral Arg. at 2:05–40.[3]  Because we reject that construction, we affirm without reaching any other issues.

Softbelly's maintains that the inner-chamber element requires an inner chamber formed in part by a strip of optical-grade fabric and in part by a strip of nonoptical-grade fabric. We disagree.  Although claim 15 introduces a nonoptical-grade fabric requirement, nothing in the claim requires a strip of nonoptical-grade fabric to form any part of an inner chamber.  Rather, as to an inner chamber, all the claim requires (as relevant here) is that it be "form[ed], in part" by a strip of optical-grade fabric.  To be sure, a strip of nonoptical-grade fabric has to be part of the "doll-like figure."  But nothing in the claim requires that a strip of nonoptical-grade fabric form part of an *inner chamber* specifically.

Softbelly's nonetheless insists that "in part" must mean something less than the whole and that, therefore, the inner chamber cannot be formed *entirely* by optical-

---

3    No. 22-1146, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-1146_02072023.mp3.

grade fabric.  Even if we accept (for argument's sake) Soft-belly's interpretation of "in part," this argument still fails because it doesn't account for other key claim language.  In claim 15, it is the claimed *strip* of optical-grade fabric that must form the inner chamber "in part" (i.e., not in whole).  Nothing, however, prevents *yet another strip* of optical-grade fabric from forming the *rest* of the inner chamber.  In such a configuration, the first strip would still form the inner chamber only "in part."

Accordingly, we reject Softbelly's construction of the inner-chamber element, which suffices to affirm.

CONCLUSION

We have considered Softbelly's remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm.

**AFFIRMED**